UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

---

Molly E. Kyle,

Plaintiff,

v.

Gosnold, Inc.,

Defendant.

---

COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I. INTRODUCTION

1. Plaintiff Molly E. Kyle brings this action against Defendant Gosnold, Inc. for unlawful discrimination, retaliation, hostile work environment, and related violations of federal law.

2. Plaintiff was subjected to a pattern of mistreatment, including being passed over in favor of less qualified male hires, ignored and undermined by Program Director Rebecca

Helman, exposed to unsafe working conditions, and retaliated against after raising patient safety concerns.

3. Plaintiff was ultimately terminated during her probationary period under circumstances giving rise to a strong inference of unlawful retaliation and discrimination.

---

### II. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964.

5. Venue is proper in this district because the events giving rise to these claims occurred in Massachusetts.

---

### III. PARTIES

6. Plaintiff Molly E. Kyle is an individual residing in Massachusetts.

7. Defendant Gosnold, Inc. is a Massachusetts corporation with a principal place of business at 200 Ter Heun Drive, Falmouth, MA 02540.

---

### IV. FACTUAL ALLEGATIONS

8. Plaintiff began employment with Defendant on or about January 19, 2024.

9. Plaintiff consistently performed her job duties competently and was entrusted with significant responsibilities, including running complex patient groups.

10. Despite her qualifications, Plaintiff was passed over for promotion in favor of external male hires.

11. Plaintiff later received the promotion, but only after unnecessary delay compared to similarly situated male employees.

12. Plaintiff was subjected to unsafe working conditions, including being assigned to an isolated office location and being denied reasonable safety accommodations.

13. Plaintiff raised concerns regarding patient safety and workplace practices to senior leadership.

14. After raising these concerns, Plaintiff experienced a noticeable and documented shift in treatment, including hostility, lack of support, and increased scrutiny.

15. Program Director Rebecca Helman undermined Plaintiff by failing to support her with staff and patients and by engaging in unprofessional conduct, including rolling her eyes at Plaintiff as reported by staff.

16. Plaintiff was scheduled for interviews that were later denied or claimed to have never been set.

17. Plaintiff was subjected to a meeting lasting over an hour during which Rebecca Helman behaved in an unprofessional and abusive manner in front of another employee.

18. Plaintiff experienced sexual harassment from a patient, which was reported but not adequately addressed by management.

18A. Plaintiff became aware of a false and harmful rumor circulating in the workplace alleging that she had engaged in inappropriate conduct involving a patient, including allegations involving nude photographs. Plaintiff reported this rumor to Program Director Rebecca Helman. Rather than promptly escalating the matter to Human Resources or taking appropriate corrective action, Rebecca Helman instructed Plaintiff via text message to delay reporting the issue to HR. This failure to act allowed the rumor to persist, causing reputational harm and contributing to the hostile work environment.

19. Plaintiff raised safety concerns multiple times, including requests for reasonable adjustments such as reassignment of certain patients and safer workspace conditions, which were ignored.

20. Shortly before her termination, the newly appointed Clinical Director, Robert "Chip" Anzola, asked Plaintiff to sign off on supervision sessions that had not occurred.

21. Plaintiff was terminated on or about March 5, 2025, during her probationary period.

22. Plaintiff was not provided a legitimate reason for her termination.

23. Defendant stated that no reason was required due to Plaintiff's probationary status.

24. Plaintiff had been entrusted with significant responsibilities at the time of her termination, undermining any claim of poor performance.

25. Upon information and belief, the stated or unstated reasons for Plaintiff's termination were pretextual and not the true motivating factors.

---

### V. CLAIMS FOR RELIEF

#### COUNT I – DISCRIMINATION (Title VII)

26. Plaintiff repeats and realleges all preceding paragraphs.

27. Defendant discriminated against Plaintiff on the basis of sex by treating her less favorably than similarly situated male employees.

---

#### COUNT II – RETALIATION (Title VII)

28. Plaintiff engaged in protected activity by reporting safety concerns and unlawful practices.

29. Defendant took adverse action against Plaintiff, including termination.

30. There is a causal connection between Plaintiff's protected activity and the adverse actions taken against her.

---

#### COUNT III – HOSTILE WORK ENVIRONMENT

31. Plaintiff was subjected to unwelcome conduct based on her sex and protected activity.

32. The conduct was severe and pervasive enough to create a hostile and abusive work environment.

---

### VI. DAMAGES

33. Plaintiff has suffered emotional distress, reputational harm, and economic damages.

---

### VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

---

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

- Compensatory damages

- Back pay and front pay

- Punitive damages

- Costs and fees

- Any other relief the Court deems just and proper

---

Respectfully submitted,

*Molly E. Kyle*

Molly E. Kyle

Plaintiff, Pro Se

[Your Address] 68 mountain Ave Pembroke MA 02359

[Your Phone] 617 980 6597

[Your Email] molly.kyle87@gmail.com

Date: 4/14/26